

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-77,047

---

**KENNETH DEWAYNE THOMAS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON DIRECT APPEAL FROM CAUSE NO. F-8685539-M IN THE 194TH JUDICIAL DISTRICT COURT DALLAS COUNTY

---

*Per curiam.*

### ORDER

The above-styled and numbered cause is pending before this Court as a result of appellant's sentence of death in the 194th Judicial District Court of Dallas County, Cause No. F-8685539-M, styled The State of Texas v. Kenneth Dewayne Thomas. The State has filed in this Court a motion entitled "State's Motion to Abate or, in the Alternative, Extend the Time to File Brief."

In its motion, the State lists numerous items that it contends are missing from the appellate record, including the punishment charge and several pre-trial motions. The State

says that on October 16, 2015, it delivered a letter to the Dallas County District Clerk's Office requesting that the record be supplemented with the missing items. *See* TEX. R. APP. P. 34.5(c)(1). On October 27, 2015, a supplemental clerk's record was filed in this Court which appears to contain the items that the State alleged were missing, except for the punishment charge. Upon our further review of the original clerk's record filed in this Court, we ultimately located the punishment charge in an envelope marked as sealed. However, it is unclear whether the appellate record currently contains all of the relevant items that are either required by statute or were requested by either party. *See* TEX. R. APP. P. 34.5(a) & (c). It is also unclear whether the record was complete at the time that appellate counsel, John Tatum, filed appellant's brief.

Further, it is unclear whether the trial court complied with Article 26.052(k) of the Texas Code of Criminal Procedure when it appointed Tatum to represent appellant on appeal. It appears from the record that Tatum was one of the attorneys who represented appellant at trial. Article 26.052(k) provides that the court may not appoint an attorney as counsel on appeal if the attorney represented the defendant at trial, unless: (1) the defendant and the attorney request the appointment on the record; and (2) the court finds good cause to make the appointment. We cannot determine from the record before us whether the trial court complied with these statutory requirements.

Under these circumstances, we abate the appeal and remand this cause for the trial court to develop the record, if necessary, and to make findings of fact regarding:

(1) whether the trial court complied with Article 26.052(k) when it appointed Tatum to represent appellant on appeal; (2) whether the record was complete when Tatum filed appellant's brief, and if not, then what documents Tatum relied upon when he filed the brief; and (3) whether the appellate record currently contains all of the relevant items that are either required by statute or were requested the parties. The trial court shall then direct the clerk and/or court reporter to prepare, certify, and file in this Court a supplement containing the developed record, the court's findings of fact, and any relevant items that were omitted from the record. *See* TEX. R. APP. P. 34.5(c) & 34.6(d).

The findings shall be made and any necessary supplements shall be filed within 45 days of the date of this order. The deadline for the State's brief will be determined after this Court has reviewed the record developed pursuant to this order.

Delivered: November 25, 2015.

Do not publish